**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000230
29-JAN-2019
09:47 AM**

NO. CAAP-17-0000230

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MR, Plaintiff-Appellee, v.
TR, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 10-1-0543)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant TR (**Husband**) appeals from a February 22, 2017 order (**Order Denying Motion to Seal**) entered by the Family Court of the Second Circuit (**Family Court**). The Order Denying Motion to Seal denied [Husband's] Ex Parte Motion for Order to Designate the File as Confidential (**Motion to Seal**).[1] Husband also challenges, in part, the Family Court's May 15, 2017 Findings of Fact and Conclusions of Law (**FOFs & COLs**).

Husband raises two points of error on appeal, contending that the Family Court: (1) clearly erred in finding that neither Husband nor Plaintiff-Appellee MR (**Wife**) nor any other interested party "has filed a request that Personal

---

[1] The Honorable Lloyd A. Poelman presided.

Information as defined by [Hawai'i Court Records Rules (**HCRR**)] Rule 2.19 be removed from the public record and filed under seal in compliance with Rule 9 of the HCRR; rather, the request is that the entire case file be sealed;" and (2) erred in denying the motion to seal.

Upon careful review of the record and the Opening Brief submitted by Husband,[2] and having given due consideration to the arguments advanced and the issues raised, we resolve Husband's points of error as follows:

(1)  Husband argues that his request to seal the entire file also constituted a request to seal the parts of the record that contain Personal Information under HCRR Rule 2.19, and therefore, the Family Court's above finding is erroneous.

HCRR Rule 2.19 (2012) defines Personal Information:

> 2.19.  **Personal information** means social security numbers, dates of birth (except for traffic citations), names of minor children, bank or investment account numbers, medical and health records, and social service reports. To the extent a social security or account number is required in an accessible document, the last 4 digits may be displayed, provided that no more than half of the social security or account digits are disclosed. To the extent a birthdate is required in an accessible document, the birth year may be displayed. Except as provided in Rule 9.1, to the extent the name of a minor is required in an accessible document, the initials of the minor may be displayed. To the extent a complete social security number, account number, birthdate, or name of a minor child is required for adjudication of a case, the complete number or birthdate shall be submitted in accordance with Rule 9.1 of these rules.

HCRR Rule 9 requires that parties submit documents that contain Personal Information separately, using a sealed Confidential Information Form.  See HCRR Rule 9; see also Oahu

---

[2]    No other briefs were filed.

Publ'ns Inc. v. Takase, 139 Hawaiʻi 236, 242-43, 386 P.3d 873, 879-80 (2016).

> HCRR Rule 9.1 (2012) provides, in relevant part:
>
>> (a) Except as provided in this Rule 9 and notwithstanding any other rule to the contrary, a party shall not include personal information in any accessible document filed in any state court or with ADLRO. Required personal information shall be submitted by means of a Confidential Information Form that substantially conforms to HCRR Form 2 of these rules . . . . The Confidential Information Form shall be designated confidential, protected, restricted, sealed, or not accessible.

HCRR Rule 9.1(a).

> HCRR Rule 9.3 (2012) further provides:
>
>> **9.3. Fly Sheet.** A fly sheet that substantially complies with HCRR Form 1 shall be submitted with the completed confidential information form. The flysheet shall be filed in the accessible record, whether the record is maintained on paper or electronically. The fly sheet shall be captioned in accordance with the rules governing the proceeding, titled "CONFIDENTIAL INFORMATION," and shall include the following: (a) the case name and number; (b) the title of the form; (c) a brief description of the submitted information; (d) the name, address, and telephone number of the individual submitting the personal information; and (e) the statement "confidential information submitted pursuant to Rule 9 of the Hawaiʻi Court Record Rules" and any other statute(s), rule(s), or order(s) that make the information confidential.

Here, as stated in the Family Court's finding, Husband only requested that the entire record in this divorce action be sealed, because it contained "sensitive financial and other personal and private information," and Husband has not requested that Personal Information be redacted from the documents filed with the Family Court, in accordance with HCRR Rule 9. Husband neither informed the Family Court that Personal Information, as defined in HCRR Rule 2.19, was included in the record nor did he otherwise specify any particular information warranting protection as confidential. Husband did not comply whatsoever

with HCRR Rule 9.3. Therefore, we conclude that Husband's argument is without merit.

Nevertheless, it appears that the record on appeal in this case contains Personal Information as defined in HCRR 2.19, *i.e.*, the names of minor children and dates of birth of the parties, as well as of the minor children. We note that some of the accessible documents including Personal Information were submitted prior to the September 1, 2012 effective date of HCRR Rule 9. We further note that, in 2017, with the Motion to Seal, Husband filed *pro se* an attachment that included such Personal Information, without complying with HCRR Rule 9. In addition, with his Opening Brief, Husband submitted Appendices that again included such Personal Information, without complying with HCRR Rule 9, even though Husband is now represented by counsel and arguing that the Personal Information should be kept confidential.[3]

The Hawai'i Supreme Court has held that "[p]rotecting the safety and security of personal identifying information and ensuring the privacy of complainants, minors, and others are of paramount importance." <u>Takase</u>, 139 Hawai'i at 246, 386 P.3d at 883 (establishing procedures to remedy an improper disclosure of personal information under HCRR Rule 9). HCRR Rule 9 does not expressly apply to all documents containing Personal Information filed by the parties in this case because some such documents

_____

[3] Husband, as well as Husband's appellate attorney, Ronald P. Tongg, Esq., are cautioned that HCRR Rule 9.5 provides that "appropriate monetary or other sanctions [may be imposed] upon parties or attorneys who do not comply with this Rule 9, where the parties or attorneys have not shown good cause for failure to comply, or a good faith attempt to comply with this rule."

were filed prior to HCRR Rule 9's effective date. Nevertheless, based upon the parties' apparent agreement to seek protection of Personal Information,[4] and in light of the important public policies reflected in HCRR Rule 9's objective to protect Personal Information,[5] subject to our resolution of Husband's second point of error, we conclude that the proper relief would be to immediately order that all documents that contain Personal Information, including the record on appeal, be sealed; the sealing order should state the reasons for sealing and provide notice of the right to object to the sealing, and the sealing order should direct that redacted versions be filed as publicly-accessible documents. See Takase, 139 Hawaiʻi at 246-49, 386 P.3d at 883-86.

(2) Husband argues that the Family Court erred in denying his request to seal the entire Family Court record because it contains false allegations that are libelously damaging to his reputation. Husband submits that the false allegations are so egregious that the damage he would suffer if the allegations remain publicly accessible override the public's right to access it, citing Oahu Publ'ns Inc. v. Ahn, 133 Hawaiʻi 482, 496, 331 P.3d 460, 474 (2014). Husband also argues that, as the custody of the parties' two minor children was at issue, the entire case file should have been sealed pursuant to HRS §§ 571-

---

[4] Wife filed a declaration in support of the Motion to Seal stating, *inter alia*, that the parties had reconciled and that she requested that the records and files in these proceedings be designated as confidential.

[5] See Takase, 139 Hawaiʻi at 244-45, 386 P.3d at 881-82.

11(3) (Supp. 2017) and 571-84 (2006). Finally, Husband argues that the Family Court erred in not granting in part Husband's Motion to Seal and not *sua sponte* directing Husband to provide the court with redacted versions of the documents containing the Personal Information and the false allegations.[6]

We first address Husband's argument that the Family Court's record in this case should have been sealed pursuant to HRS §§ 571-11(3) and 571-84, which provide, in relevant part:

> **§ 571-11 Jurisdiction; children.** Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:
>
> . . . .
>
>     (3)    To determine the custody of any child or appoint a guardian of any child[.]
>
>
>     **§ 571-84 Records.** (a) The court shall maintain records of all cases brought before it. Except as provided in section 571-84.6,[7] <u>in proceedings under section 571-11</u> and in paternity proceedings under chapter 584, <u>the following records shall be withheld from public inspection: the court docket, petitions, complaints, motions, and other papers filed in any case; transcripts of testimony taken by the court; and findings, judgments, orders, decrees, and other papers other than social records filed in proceedings before the court</u>. The records other than social records shall be open to inspection: by the parties and their attorneys, by an institution or agency to which custody of a minor has been transferred, and by an individual who has been appointed guardian; with consent of the judge, by persons having a legitimate interest in the proceedings from the standpoint of the welfare of the minor; and, pursuant to order of the court or the rules of court, by persons conducting pertinent research studies, and by persons, institutions, and agencies having a legitimate interest in the protection, welfare, treatment, or disposition of the minor.
>     . . . .
>     (c)    No information obtained or social records prepared in the discharge of official duty by an employee of the court shall be disclosed directly or indirectly to anyone other than the judge or others entitled under this

---

    [6]    Based on his prior argument, it appears that Husband also seeks the use of psuedonyms or initials to maintain the anonymity of the parties' children.

    [7]    HRS § 571-84.6 (2006) provides that proceedings and records related to certain minor law violator adjudications under HRS § 571-11(1) are not confidential.

chapter to receive the information, unless and until
otherwise ordered by the judge.

(Emphasis added).

The Family Court referenced HRS §§ 571-11(3) and 571-84 in its FOFs & COLs and then stated, "[t]here is no restriction on the public's right to access of divorce filings and hearings except as outlined above." The Family Court then concluded that "[b]ut for custody issues and upon compliance with Hawaii Court Records Rules, the public should have unfettered access to court records and proceedings regarding divorces," citing the First Amendment to the United States Constitution, article I, section 4 of the Hawai'i Constitution, and Takase. With no further consideration of HRS § 571-84, based primarily on the parties' failure to comply with HCRR Rule 9 and the supreme court's guidance in Takase, the Family Court declined to "scour all pre-HCRR filings and remove all Rule 9 Personal Information documents" and denied the Motion to Seal. However, as acknowledged by the Family Court, Husband's request was made pursuant to HRS §§ 571-11 and 571-84, as well as HCRR Rule 9.[8]

HRS § 571-84 is a duly-enacted statutory provision applicable to the record-keeping in Hawaii's family courts. As the supreme court has often stated:

> Our construction of statutes is guided by the
> following rules:
>
> First, the fundamental starting point for statutory-interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the

---

[8] In the Motion to Seal, Husband also cited, without explanation or argument, Hawai'i Family Court Rules Rule 26, which concerns depositions and discovery. Husband makes no argument or reference to this rule on appeal.

> task of statutory construction is our foremost
> obligation to ascertain and give effect to the
> intention of the legislature, which is to be obtained
> primarily from the language contained in the statute
> itself. Fourth, when there is doubt, doubleness of
> meaning, or indistinctiveness or uncertainty of an
> expression used in a statute, an ambiguity exists.

First Ins. Co. of Haw. v. A & B Props., 126 Hawaiʻi 406, 414, 271 P.3d 1165, 1173 (2012) (citation omitted).

Thus, we begin with language of HRS § 571-84 itself. The confidentiality mandate in HRS § 571-84(a) clearly and unambiguously applies to all proceedings under HRS § 571-11, which includes proceedings to determine child custody.[9] HRS § 571-84(a) clearly and unambiguously mandates that, in such proceedings, "the following records shall be withheld from public inspection: the court docket, petitions, complaints, motions, and other papers filed in any case; transcripts of testimony taken by the court; and findings, judgments, orders, [and] decrees." (Emphasis added). We detect no "doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression" in the legislative intent to withhold these family court records from public inspection. See First Ins. Co. of Haw., 126 Hawaiʻi at 414, 271 P.3d at 1173.

There is, however, uncertainty as to the intended scope of "proceedings . . . [t]o determine the custody of any child" as is found in HRS § 571-11(3) and incorporated into HRS § 571-84(a). The first sentence of HRS § 571-84(a) uses the term "all cases" to define the scope of the family courts' record-keeping

---

[9] As noted in n.7 above, HRS § 571-84(a) is subject to certain exceptions provided by HRS § 571-84.6; these exceptions are not relevant to this case.

duties, whereas the second sentence uses the term "proceedings," which at least suggests the two were not intended to be synonymous and that perhaps particular proceedings might be a subset of a case. Additionally, as alluded to by the Family Court, child custody proceedings most frequently arise in the context of actions for divorce, which are primarily governed by HRS chapter 580, and we find no support for the proposition that HRS § 571-84 is intended to apply to all parts of a divorce action that involves child custody.

Hawai'i appellate courts have recognized that HRS § 571-84 and other Hawai'i statutes are intended to protect the anonymity and well-being of children that are the subject of various family court proceedings. See, e.g., In re FG, 142 Hawai'i 497, 505, 421 P.3d 1267, 1275 (2018) (discussing the "compelling state interest" in protecting the confidentiality of child abuse information and recognizing that family court records in many types of cases involving children are withheld from public inspection, citing HRS § 571-84); Kema v. Gaddis, 91 Hawai'i 200, 203, 205-06, 982 P.2d 334, 337, 339-40 (1999) (rejecting the Star-Advertiser's request for family court records pursuant to HRS § 571-84(b) and prioritizing the best interest of children that would be potentially harmed by publication of court records and files about their family); Doe v. Roe, 6 Haw. App. 629, 630 n.1, 736 P.2d 448, 450 n.1 (1987) (maintaining the anonymity of the parties (and thereby the subject child) pursuant to HRS §§ 571-84 and 584-20 (1985) in a paternity proceeding). These cases have not, however, addressed the scope of the family

courts' directive under HRS §§ 571-84 and 571-11(3) in divorce proceedings involving custody.

Nor do the Ahn and Takase cases, cited by the Family Court, provide clarity as to this issue. Ahn, Takase, and a more recent case, Grube v. Trader, 142 Hawaiʻi 412, 420 P.3d 343 (2018), explicate important constitutional principles implicating the public's qualified right of access to court records and proceedings, as well as the general public's competing right to personal and informational privacy, but in the particular context of adult criminal trials. See, e.g., Takase, 139 Hawaiʻi at 244-46, 386 P.3d at 881-83 (discussing the right to privacy in the context of HCRR Rule 9; acknowledging special protection afforded to minors). In a footnote, Ahn quotes In re Estate of Campbell, 106 Hawaiʻi 453, 462, 106 P.3d 1096, 1105 (2005), for the proposition that "[t]he reasons underlying openness in the criminal context . . . are equally compelling in the civil context." 133 Hawaiʻi at 496 n.18, 331 P.3d at 474 n.18. However, in Campbell Estate, the supreme court specifically "express[ed] no opinion as to the applicability of the balancing test in situations where a specific statute or rule mandates confidentiality or where such an approach may be inappropriate, as might be the case, for example, in certain family court matters." 106 Hawaiʻi at 465 n.26, 106 P.3d at 1108 n.26.[10]

Notwithstanding the ambiguity in the scope of the applicability of HRS § 571-84(a) in divorce actions involving

---

[10] As yet, no one has challenged the application of HRS § 571-84(a) in this case, and therefore, the issue is premature.

child custody generally, in the narrow circumstances of this case, we conclude that HRS § 571-84(a) is sufficiently clear to apply it to the Family Court record in this case.[11] The primary record in this case, created between November 8, 2010, and December 16, 2011, is limited to the docket (index sheet), a complaint, a motion and affidavit for pre-decree relief related to, *inter alia*, temporary custody, an order regarding pre-decree relief, a stipulation and order dismissing the complaint and dissolving the temporary orders in the order regarding pre-decree relief, and associated certificates of service and papers.[12] As later averred, the parties reconciled. These 2010-2011 records of proceedings pertained directly to a determination of custody of the parties' children, and therefore fall within the scope of HRS § 571-84(a), and must be withheld from public inspection pursuant to the statute's mandate.[13]

---

[11]     We acknowledge that, in the FOFs & COLs, the Family Court requested appellate guidance regarding, *inter alia*, whether entire case files should be sealed where child custody is at issue or whether divorce proceedings involving both custody and non-custody issues should be bifurcated. We decline to reach beyond the scope of this case, but note (obviously in *dicta*) that notwithstanding the associated burdens, modified rules, policies, or practices involving bifurcated custody proceedings, along with all participants' strict compliance with HCRR Rule 9, might prove to be the most efficient way to strike the proper balance.

[12]     Such papers include the Clerk's Minutes, Matrimonial Action Information, and a Kids First Information Sheet.

[13]     Regarding records that fall within the scope of HRS § 571-84(a) and are therefore withheld from public inspection, we note that the best practice still may be to file those records in compliance with HCRR Rule 9. HRS § 571-84(a) provides that records withheld under that section, other than social records, remain open to inspection by

> the parties and their attorneys, by an institution or agency to which custody of a minor has been transferred, and by an individual who has been appointed guardian; with consent of the judge, by persons having
> (continued...)

11

The further record begins on February 22, 2017, with the Motion to Seal, and ends with the Family Court's May 15, 2017 FOFs & COLs stating the reasons that the Motion to Seal was stamped denied. This part of the record does not constitute proceedings to determine the custody of any child, but includes copies of the earlier, protected records, and contains Personal Information, as well as other information that fails to protect the anonymity of the parties' children. Thus, we conclude that the copies of the earlier, protected records, which were attached to Husband's Motion to Seal and as an attachment to the exhibit to Husband's Notice of Appeal, must be withheld from public inspection pursuant to HRS § 571-84(a). We further conclude, pursuant to our inherent powers, that it is appropriate for this court to issue an order that the violations of the HCRR resulting from the inclusion of Personal Information in the 2017 portion of the Family Court record, as well as the appellate docket, be remedied. See Takase, 139 Hawai'i at 246-48, 386 P.3d at 883-85. In addition, pursuant to HRS § 571-54 (2006), the record on

---

[13](...continued)
a legitimate interest in the proceedings from the standpoint of the welfare of the minor; and, pursuant to order of the court or the rules of court, by persons conducting pertinent research studies, and by persons, institutions, and agencies having a legitimate interest in the protection, welfare, treatment, or disposition of the minor.

Accordingly, even though records may be withheld from public inspection pursuant to HRS § 571-84(a), those records may still be available to numerous persons who have no right to access Personal Information, including, inter alia, social security numbers, bank account numbers, etc.

12

appeal must be given a fictitious title to protect the anonymity of the parties' children.[14]

Finally, in light of our determination that the 2010-2011 portion of the Family Court record in this case must be withheld from public inspection pursuant to HRS § 571-84(a), we need not address Husband's argument that the Family Court erred in denying his request to seal the entire Family Court record because it contains false allegations that are libelously damaging to his reputation.

Accordingly, the Family Court's February 22, 2017 Order Denying Motion to Seal is affirmed in part and vacated in part, and this case is remanded to the Family Court for compliance with the following order, to the extent applicable to the Family Court. IT IS HEREBY ORDERED THAT:

1. The appellate clerk shall seal the Notice of Appeal (Intermediate Court of Appeals (**ICA**) docket 1), the Civil Appeal Docketing Statement (ICA docket 4), the Record on Appeal (ICA docket 10), the Jurisdictional Statement (ICA docket 16), the Opening Brief (ICA docket 18), and Exhibit A (ICA Docket 20), and, *to the extent practicable*, delete references to the parties' first and last names from the electronic record in this case and replace them with the parties' first and last initials or

---

[14] HRS § 571-54 provides, in relevant part: "In cases under section 571-11, the record on appeal shall be given a fictitious title, to safeguard against publication of the names of the children or minors involved." See also Doe, 6 Haw. App. at 630 n.1, 736 P.2d at 450 n.1.

13

otherwise make the parties' full names inaccessible to the public.

2.    Any individual may file, within ten days of the entry of this Summary Disposition Order, a motion objecting to the sealing of the aforementioned appellate records.

3.    Husband shall, within thirty days of the entry of this Summary Disposition Order, redact all Personal Information, delete references to the parties' first and last names and replace them with the parties' first and last initials, and withhold and substitute exhibits, attachments, and appendices that must be withheld from public inspection pursuant to HRS § 571-84(a), as set forth above, with a single sheet of paper including the reason for the substitution and the number of pages withheld,[15] from the Notice of Appeal (ICA docket 1), the Civil Appeal Docketing Statement (ICA docket 4), the Jurisdictional Statement (ICA docket 16), the Opening Brief (ICA docket 18), and Exhibit A (ICA Docket 20).  Husband shall then publicly file in CAAP-17-0000230 each of these redacted documents and, in each docket entry, indicate in the "Notes" section that the filing is a redacted submission in compliance with this Summary Disposition Order.  Husband shall also submit to the appellate clerk a Fly Sheet (that substantially conforms to HCRR Form 1) and Confidential Information Form (that substantially conforms to

---

[15]    For example, "Pursuant to HRS § 571-84(a), [xx] number of pages are withheld from public inspection."

HCRR Form 2) containing the information required by HCRR Rules 9.1 and 9.3, in the manner prescribed by HCRR Rule 9.4.

4. The Family Court clerk shall withhold the following from public access: that portion of the record in the Family Court case created between November 8, 2010, and December 16, 2011, including the docket (index sheet), a complaint, a motion and affidavit for pre-decree relief related to, *inter alia*, temporary custody, an order regarding pre-decree relief, a stipulation and order dismissing the complaint and dissolving the temporary orders in the order regarding pre-decree relief, and associated certificates of service and papers.[16] In addition, the Family Court clerk shall seal the entire Family Court record (subject to the further order of the Family Court), pending the Family Court's entry of an order on the motion that Husband is directed to file in accordance with paragraph 5 below.

5. Husband shall, within forty-five days of this Summary Disposition Order, file in the Family Court, a motion to seal that portion of the record created in the Family Court case between February 22, 2017, and May 15, 2017, and concurrently file a redacted version of each document that redacts all personal information, deletes references to the parties' first and last names and replaces them with the parties' first and last initials, and withholds and substitutes exhibits, attachments, and appendices that must be withheld from public inspection

---

[16] Such papers include the Clerk's Minutes, Matrimonial Action Information, and a Kids First Information Sheet.

pursuant to HRS § 571-84(a), as set forth above, with a single sheet of paper including the reason for the substitution and the number of pages withheld.[17] Husband shall also submit to the Family Court clerk a Fly Sheet (that substantially conforms to HCRR Form 1) and Confidential Information Form (that substantially conforms to HCRR Form 2) containing the information required by HCRR Rules 9.1 and 9.3, in the manner prescribed by HCRR Rule 9.4.

6. Husband shall, within sixty days of this Summary Disposition Order, file in the appellate court a declaration attesting to the date that the following documents were filed: (a) the redacted documents, along with the fly sheet(s) and confidential information form(s), to be filed in the appellate court; (b) the motion to be filed in the Family Court, as described in paragraph 5 above; and (3) the redacted documents, along with the fly sheet(s) and confidential information form(s), to be filed in the Family Court.

7. Any individual may file, within ten days of the entry of this Summary Disposition Order, a motion objecting to the sealing of the aforementioned Family Court records.[18]

8. Within ten business days of the entry of an order of the Family Court on Husband's motion (described in paragraph 5

---

[17] For example, "Pursuant to HRS § 571-84(a), [xx] number of pages are withheld from public inspection."

[18] Any person may file an objection to Husband's motion in the Family Court, notwithstanding any failure to file a motion with this court.

above), the Family Court clerk will certify and file in CAAP-17-0000230 the redacted record on appeal (which will not include the 2010-2011 portion of the record on appeal) as a publicly-accessible document, which will be identified as an Amended/Redacted Record on Appeal.[19]

9.  The appellate clerk shall serve a copy of this Summary Disposition Order on the Family Court clerk.

DATED: Honolulu, Hawai'i, January 29, 2019.

On the briefs:

Ronald P. Tongg,
for Defendant-Appellant.

MR,
Plaintiff-Appellee, *Pro Se.*

Presiding Judge

Associate Judge

Associate Judge

---

[19]    The Family Court clerk shall delete references to the parties' first and last names and replace them with the parties' first and last initials.  In addition, the Family Court clerk shall bookmark all documents, consistent with HRAP Rule 11(b)(3).  We note that, in this particular case, it is unnecessary for the Family Court clerk to re-file the earlier, 2010-2011, portion of the record on appeal.